[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff husband against the defendant wife. The parties were married on September 13, 1975 in Louisville, Kentucky. They had lived together for a year prior to their marriage. Thereafter they lived together until February 27, 1977 when the plaintiff assaulted the defendant causing her to be hospitalized for five days with a fractured shoulder. At that time the plaintiff did not return to the family home but returned in September or October, 1977. They lived together then until the fall of 1978 when the defendant moved out. Since that time, the parties have lived separate and apart, each self-sufficient and self-supporting.
The plaintiff is 60 years of age. He works as a track foreman for Metro-North Railroad and has been so employed for 32 years. He is looking forward to retirement at age 62. He brought this action for dissolution of his marriage to straighten out his life and because he wanted "to be a free man." He describes his health as "bad." He is diabetic and has a bad back such that he cannot twist or turn. The plaintiff testified that the problem with the marriage was the defendant's relationship with another man, that he had followed them to the Liberty Rock Motel in Milford and that the reason for his striking her was that she had given her boyfriend money meant for deposit to their bank account.
The defendant will be 62 years of age in April. She has been employed as a nurse's aide at Park City Hospital for 25 years. She was laid off on February 28th of this year because of the merger between Park City and Bridgeport Hospitals. She is receiving unemployment compensation and will for twenty-six weeks. She will also receive ten weeks severance pay CT Page 3387 approximating $4,600.00 which she expects to receive momentarily. This most likely will have been received by the time this memorandum is filed. She has a 401(K) account at Park City Hospital valued at $15,983.00 in her financial affidavit of March 23 and an IRA account containing $597.00. She testified that she has no other pension benefits.
When the parties separated for the second time in 1978, the defendant took the furniture she wanted and withdrew $2,000.00 that the parties had had in their joint savings account. The plaintiff seeks a dissolution of the marriage. The defendant is seeking alimony. The plaintiff's position is that, if he has to pay alimony to her, then she should pay alimony to him.
Since the plaintiff, at age 62, will become eligible for Railroad Retirement Benefits, the defendant, as the plaintiff's wife for more than ten (10) years, will receive a benefit from the Railroad Retirement Board. (Plaintiff's exhibit A.) The amount of this benefit, however, will be reduced by the amount the defendant receives from Social Security.
At best, the parties lived together after their marriage for 29-30 months. They have lived separate and apart for fifteen years. During that period, the defendant testified that the plaintiff gave her "$50.00 or $200.00 or whatever" from time to time after their separation. As both of the parties have testified, this was a "very short marriage." In determining the orders that should be entered, the court has considered the factors of 46b-81 and 46b-82 of the General Statutes. These factors are the length of the marriage, the cause for the dissolution, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties and the opportunity of each for the future acquisition of capital assets and income. The court must also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of the parties' respective estates. The court has considered those factors.
Upon the issue of fault, as previously noted, the plaintiff claims the defendant has been unfaithful. The defendant has denied this. The defendant claims that the plaintiff has beaten her not only in February, 1977 but also on CT Page 3388 two other occasions. In view of the testimony, the court finds that each of the parties are at fault for the breakdown of the marriage.
On the issue of alimony, the court awards lump sum alimony to the defendant in lieu of periodic alimony and orders that the plaintiff pay to the defendant $6,000.00 lump sum alimony within thirty (30) days of this date.
On the issue of counsel fees, the court has considered the provisions of 46b-62 of the General Statutes and the provisions of 46b-82 of the General Statutes. Since a denial of the defendant's request for counsel fees would upset the court's other orders in arriving at a fair and equitable resolution in this matter, the court allows counsel fees for the defendant's defense of this matter and orders the plaintiff to pay to defendant's counsel the sum of $1,000.00 as a contribution towards the defendant's counsel fees, such sum to be paid within thirty (30) days of the date hereof.
In addition to the other findings herein set forth, the court finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. The marriage of the parties has broken down irretrievably.
In addition to the foregoing orders, the court enters the following orders:
1. A judgment of dissolution of marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. There shall be no periodic alimony to either of the parties.
3. Except as herein provided, the assets set forth in the plaintiff's financial affidavit shall be his free of any claim or demand by the defendant.
4. The assets set forth in the defendant's financial affidavit shall be hers free of any claim or demand by the plaintiff. CT Page 3389
5. Such tangible personal property as is in the possession of each of the parties shall be the property of the possessor free of any claim or demand by the other party.
6. Each party shall be responsible for his or her liabilities and shall indemnify and hold harmless the other party from any claim or demand thereon.
7. Each party shall retain any retirement or pension benefits free of any claim or demand by the other party. This shall not effect those rights which the defendant may have pursuant to the provisions of 45 U.S.C. § 231d(d)(4) (Section 2(c)(4) of the Railroad Retirement Act).
8. The plaintiff shall cooperate with the defendant so that she may have continued medical benefits for the maximum period permitted by law under COBRA or 38a-538 of the General Statutes at her expense.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE